## PAGE v. KEENE. & a.

From the decision of the selectmen establishing or enlarging a public cemetery in any town, an appeal lies to the supreme court, by any person aggrieved by such decision, as well as by the land owner, from the assessment of his land damages.

While such appeal is open to the land owner, not only from the assessment of his land damages but from the main decision on the petition he has a full, ample and perfect remedy at law in the premises and cannot maintain a bill in equity to set aside or annul the acts of the selectmen establishing or en_larging such cemetery.

In equity.

Lucien B. Page of Keene, &c., complains against Chester Nims and Stephen Barker, both of said Keene, yeoman, and the town of Keene a body corporate, &c., says, that he is the owner of a farm in said Keene, upon which he lives and which is bounded east-

erly in part on the new cemetery lot so-called, in said Keene, and that the said Nims and Barker being selectmen of said Keene, with one Edwin R. Locke, received a petition, signed by sundry legal voters of said Keene, in the month of May last past, setting forth that in view of the rapid and future increase of the population of said Keene, there was a public necessity for the enlargement of said cemetery, and praying that the same might be enlarged on the south part of the present west boundary of the premises, to beaver brook.

And the plaintiff says, that in pursuance of said petition, the said Nims and Barker, took and laid out from the plaintiff's land, aforesaid, the following described tract, to wit, (describing the land taken) : containing sixty square rods of land.

And the plaintiff further says, that the land so taken and laid out, causes an angle in the line of his said farm, which will make it unslightly and irregular in shape and greatly reduce the value of the same, and besides the principal part of the land so taken is low, wet, meadow land, unsuitable for a burying place, and in fact, the plaintiff says, the same was laid out by the said Nims and Barker for other purposes than to furnish a place for burying the dead.

And the plaintiff further says, that said new cemetery contains about ten acres of land, which was purchased about twelve years ago, which is but partially appropriated, and is sufficient and ample for the purposes for which it is used, and will be for many years to come, and that there is no public necessity for its enlargement, and that no occasion has arisen to justify the act of the said Nims and Barker, and that said act is not contemplated or warranted by the statute, and that the said Nims and Barker have acted in the premises, wilfully, partially and corruptly, and without authority of law.

Wherefore, the plaintiff prays the court, to order and decree that the said acts of said Nims and Barker be annulled and set aside, and for such other relief as may be just.

Defendants in their answer admit plaintiff's title to his farm, that said Nims & Barker with said Locke were selectmen of Keene, that said petition was received by them ; a time appointed for a hearing ; the plaintiff and others notified and a hearing had ; and that said Nims & Barker as a majority of said selectmen laid out the lot particularly described in the bill, being a portion of said plaintiff's farm, as an enlargement of the cemetery lot, which is a public cemetery in said Keene, that the laying out of said lot causes an angle in said plaintiff's farm, that said original cemetery is in other respects as charged in the bill, and is not yet in all parts occupied with graves.

They deny that plaintiff's farm is injured or reduced in value thereby, more than the sum of seventy-five dollars ; deny all the allegations in bill as to the unsuitableness of the land, as to the sufficiency of the cemetery as originally laid out, deny that the acts of said Nims and Barker were unwarranted by law, or that they acted partially, corruptly, or illegally.

The answer then alleges that said selectmen proceeded upon said

petition in all respects according to the requirements of law, that the plaintiff was fully heard before them, and that it was made to appear before them that there was a public necessity for the enlargement of said cemetery ; that the tract of land described was suitable and proper for that purpose, and could not be obtained either of this p'aintiff or anywhere else by contract with the owner at a reasonable price, and that the said Nims and Barker did just what it was their right and duty to do under the provisions of chapter forty-five of the General Statutes of this state, and laid out said lot as and for an enlargement of said public cemetery, and appraised said plaintiff's damages at seventy-five dollars, to be paid by said town of Keene, and caused a record of all their proceedings relative to said petition to be made in the records of said town and that in all things said Nims and Barker acted faithfully, impartially, and according to their best judgment and discretion.

The defendants insist that for all the matters of complaint set forth in his said bill, the said plaintiff has a plain, adequate and complete remedy at law.

Wherefore defendants pray, that the plaintiff's bill of complaint may be dismissed with costs.

*Wheeler & Faulkner*, for defendants.

*Carleton*, for plaintiff.

SARGENT, J.    The General Statutes, ch. 45, sec. 1, provide that " every town shall provide one or more suitable public cemeteries for the interment of deceased persons within its limits, which shall be subject to such regulations as the town may establish." And sec. 2 provides that " whenever there is a public necessity for the establishment of any new, or the enlargement of any already established, public cemetery, in any town and land necessary therefor cannot be obtained in any suitable place, at a reasonable price by contract with the owner, the mayor and aldermen, or the selectmen upon petition therefor, may lay out such quantity of land as in their judgment is necessary for establishing or enlarging said cemetery, and appraise the damages to the owner, and all proceedings thereupon, and for obtaining increased damages in case the owner is dissatisfied, shall be the same as in the case of highways laid out by them."

The General Statutes, ch. 189, sec. 3, confer power and jurisdiction upon this court at its trial terms, to take cognizance of petitions and appeals relating to highways and property taken therefor and for other public use."

And in ch. 63, sec. 10, Gen. Stat., it is provided that any land owner or other person aggrieved by the decision of the selectmen laying out or altering a highway, or in the assessment of damages, in any case relating to a highway, may appeal therefrom to the supreme judicial court, by petition, within one year after the highway or alterations are made."

Now, *all proceedings* upon a petition for establishing or enlarging a cemetery, and *all proceedings* for obtaining increased land damages, when the owner is dissatisfied, necessarily include appeals, not only from the assessment of damages, but from the decision of the selectmen, establishing or enlarging a cemetery, as in the case of highways.

Therefore, this plaintiff might have taken an appeal, and so far as appears, may now do so, within the year prescribed, not only from the appraisal of his land damages, but from the decision, enlarging the cemetery by the addition of the plaintiff's land, and on such appeal to the court, it will be proper that plaintiff be fully heard upon all his matters of complaint, set forth in this bill, and in that way, he will have a full, ample, and perfect remedy at law, for all the wrongs and injuries of which he here complains. Such being the case, he has no occasion to invoke the aid of equity, for it is elementary that equity will not in such case interfere.

*Bill dismissed.*